# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TREXIS INSURANCE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV2504 JCH |
| | ) | |
| TIMOTHY TALLEVAST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants John Sinclair and Tanya Sinclair's 12(b)(1) Motion to Dismiss, filed December 27, 2019. (ECF No. 17). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

According to Plaintiff Trexis Insurance Corporation ("Plaintiff" or "Trexis"), Trexis issued Insurance Policy No. 11-24-012136540, with a policy period of January 4, 2019 to July 4, 2019, to Defendant Timothy Tallevast. (Compl., ¶¶ 10, 18). The Policy provided bodily injury liability coverage limits of $25,000 each person/$50,000 each accident. (*Id.*). The Policy further stated that Trexis "will pay damages, other than punitive damages, exemplary damages or restitution orders; for 'bodily injury' […] for which any 'covered person' becomes legally responsible because of an auto 'accident.'" (*Id.*, ¶ 20, quoting Policy, Exh. A, P. 4). Finally, while the Policy provided that, in addition to its limit of liability, Trexis would pay all defense costs it incurred, its duty to settle or defend ended when the applicable limit of liability for the

---

[1] The Court's background section is taken from Plaintiff's Complaint for Interpleader and for Declaratory Judgment, to which several Defendants have not yet filed an Answer.

coverage was exhausted by payment of any settlement, judgment, or combination thereof. (*Id.*).

On or about March 16, 2019, Defendant Tallevast was operating a 2000 Chevrolet Monte Carlo, with Defendant Mikayla Pettigrew as a passenger, when he was involved in a motor vehicle collision in Warren County, Missouri. (Compl., ¶¶ 9, 13). Defendant Tallevast collided with a 2012 Kawasaki motorcycle being operated by Defendant John Sinclair, with Defendant Tanya Sinclair riding as a passenger. (*Id.*, ¶¶ 14, 15). Defendant John Sinclair allegedly sustained injuries in the accident which ultimately resulted in his death, while Defendants Tanya Sinclair and Mikayla Pettigrew both sustained injuries requiring medical treatment. (*Id.*, ¶¶ 16, 17).

On September 6, 2019, Trexis filed the instant Complaint for Interpleader and for Declaratory Judgment against Defendants Timothy Tallevast, Mikayla Pettigrew, John Sinclair, deceased, by and through his heirs and representatives, and Tanya Sinclair. (ECF No. 1). In Count I of its Complaint, entitled Claim for Interpleader, Trexis states that the total amount of the claims being made against Plaintiff and its insured(s) exceeds the available bodily injury liability coverage provided in the Policy. (Compl., ¶ 31). Trexis therefore "seeks an Order from this Court to deposit the $50,000 each-accident bodily injury liability limit into the Court within thirty (30) days and an Order stating that Plaintiff shall not be liable to any insured or Defendant for any amount in excess of the applicable liability limits in connection with the Accident or any actual or potential claim associated with the Accident." (*Id.*, ¶ 34).[2] In Count II, entitled Declaratory Judgment, Plaintiff notes that the Policy provides a Limit of Liability, thereby limiting the amount Plaintiff must pay in connection with any one accident, and further provides

---

[2] Plaintiff further asks that the Court declare the rights of the parties concerning the $50,000 bodily injury liability coverage, which constitutes the interpleader proceeds, and that the Court enter an Order distributing the interpleader proceeds to the appropriate claimant-Defendants. (Compl., P. 8).

that Plaintiff's duty to settle or defend ends when said limit of liability has been exhausted. (*Id.*, ¶¶ 37, 38). As relief for Count II, Plaintiff requests an Order of the Court declaring that once Plaintiff interpleads the available liability coverage limits into this Court, it will no longer have any duty to settle, defend, or indemnify any insured(s) under the Policy. (*Id.*, P. 9).

As noted above, Defendants John and Tanya Sinclair filed the instant Motion to Dismiss on December 27, 2019, in which they claim this Court lacks subject matter jurisdiction over Plaintiff's suit. (ECF No. 17).

**DISCUSSION**

The Court notes two possible bases upon which it might exercise jurisdiction over this case: interpleader jurisdiction pursuant to 28 U.S.C. § 1335, and diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court will address the statutes in turn.

**I.   28 U.S.C. § 1335**

"Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed from the threat of multiple liability." *Acuity v. Rex, LLC*, 296 F.Supp.3d 1105, 1107 (E.D. Mo. 2017), *aff'd*, 929 F.3d 995 (8th Cir. 2019) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)). An interpleader action may be brought pursuant to 28 U.S.C. § 1335.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (citations omitted). "Federal law grants original jurisdiction to district courts in § 1335 interpleader actions where (1) there are adverse claims to money or property worth $500 or more, and where (2) there is ''minimal diversity,' that is, diversity of citizenship

between two or more claimants[.]'" *Gerber Life Ins. Co. v. Yates*, Case No. 4:19CV40 CAS, 2019 WL 4644001, at *2 (E.D. Mo. Sep. 24, 2019) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (citing 28 U.S.C. § 1335)). Absent diversity of citizenship between two or more adverse claimants, this Court lacks jurisdiction under the interpleader statute. *Tashire*, 386 U.S. at 530.

Upon review of Plaintiff's Complaint, the Court finds all claimants to the Policy proceeds are residents of the State of Missouri. (*See* Compl., ¶¶ 4-7). The diversity requirement of statutory interpleader thus has not been met, and so this Court lacks jurisdiction under 28 U.S.C. § 1335. *See Federated Mut. Ins. Co. v. Moody Station and Grocery*, 821 F.3d 973, 976 (8th Cir. 2016).

**II.     28 U.S.C. § 1332**

In its Complaint Trexis also alleges this Court possesses original diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides in relevant part as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1). "In this Circuit, the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (internal quotations and citations omitted). Further, the "subject matter of an interpleader action is defined by the fund deposited by the stakeholder." *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976) (citation omitted).

As noted above, in its Complaint Trexis seeks an Order requiring it to deposit $50,000 into the Registry of the Court, as according to Plaintiff said sum represents the limits of its liability coverage under the Policy. On its face, therefore, Plaintiff's Interpleader Complaint fails

to satisfy the requirements for diversity jurisdiction.

In its response to Defendants' Motion to Dismiss, Plaintiff attempts to establish diversity jurisdiction in two ways. Initially, for the first time Plaintiff asserts that in addition to providing bodily injury liability limits of $25,000 each person/$50,000 each accident, the Policy also provides $25,000 for property damage liability. (Plaintiff's Suggestions in Opposition to Defendants John Sinclair and Tanya Sinclair's Rule 12(b)(1) Motion to Dismiss ("Plaintiff's Opp."), PP. 5-6). Assuming this to be true, the Court finds it nevertheless lacks jurisdiction because (a) Plaintiff did not seek to interplead the additional $25,000 in its Complaint, and (b) even if it had, the total amount of interpleaded funds would be $75,000, an amount not "exceed[ing] the sum or value of $75,000." 28 U.S.C. §1332. *See also Schubert*, 649 F.3d at 821 ("For example, in a declaratory judgment action brought by an insurance company, the Sixth Circuit found the claim to be for $75,000 even, falling a penny short of the statutory threshold.").

Next, Trexis notes that in addition to the liability coverage at issue, the Policy confers upon Trexis the duty and right to defend Defendant Tallevast in a claim or suit brought against him. (Plaintiff's Opp., P. 6). Trexis notes that "[w]hen an insurance company files a declaratory judgment action to determine its obligation to defend and indemnify its insured, the amount in controversy includes the probable cost of defending the insured in addition to the potential indemnity coverage available under the Policy." (*Id.*).

The Court agrees with Trexis generally that, "[w]here an insurer sues an insured to determine its obligation to defend and indemnify, the amount in controversy includes the probable cost of defending the insured in the underlying litigation." *GEICO Cas. Co. v. Hollandsworth*, Case No. 4:18CV197 DGK, 2019 WL 267740, at *3 (W.D. Mo. Jan. 18, 2019) (citing *Scottsdale v. Universal Crop Prot. Alliance*, 820 F.3d 926, 932 (8th Cir. 2010)). Here,

however, the Court finds that despite its designation, Count II is not a request for declaratory judgment. Instead, the allegations in Count II again sound in interpleader, as exemplified by Plaintiff's prayer for relief.[3] The requested relief in Count II mimics that of Count I, and thus does not provide a basis for this Court's exercise of diversity jurisdiction. Under these circumstances, Defendants' Motion to Dismiss must be granted.

**III.     Crossclaim**

On November 19, 2019, Defendant Tallevast filed a Crossclaim to Enforce Settlement Agreement. (ECF No. 9). Defendant Tallevast alleges this Court has original diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332(a), and requests that the Court exercise supplemental jurisdiction over his state-law claim under 28 U.S.C. § 1367(a). (Crossclaim, ¶¶ 6-8).

28 U.S.C. § 1367 provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court may decline to exercise such supplemental jurisdiction, however, if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Here, the Court has determined that all potential federal claims should be dismissed. Therefore, in accordance with § 1367, the Court will decline to exercise supplemental jurisdiction over Defendant Tallevast's state law claim, and instead will dismiss it for lack of

---

[3] As noted above, as relief in Count II Plaintiff requests an Order of the Court declaring that once Plaintiff interpleads the available liability coverage limits into this Court, it no longer will have any duty to settle, defend, or indemnify any insured(s) under the Policy. (Compl., P. 9).

jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants John Sinclair and Tanya Sinclair's 12(b)(1) Motion to Dismiss (ECF No. 17) is **GRANTED**, and Plaintiff's Complaint for Interpleader and for Declaratory Judgment (ECF No. 1) is **DISMISSED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant Timothy Tallevast's Crossclaim to Enforce Settlement Agreement (ECF No. 9) is **DISMISSED**.

Dated this 29th Day of January, 2020.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE